NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**NORTH 61 LLC,**
*Appellant*

**v.**

**SJOKLAEDAGERDIN HF.,**
*Appellee*

_____

2020-1709

_____

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 91237366.

_____

Decided:  January 13, 2021

_____

SCOTT WEAVER JOHNSTON, Merchant &  Gould P.C., Minneapolis, MN, for appellant.

MICHELE S. KATZ, Advitam IP, LLC, Chicago, IL, for appellee.

_____

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

LOURIE, *Circuit Judge.*

North 61 LLC ("North") appeals from a judgment of the U.S. Patent and Trademark Office Trademark Trial and Appeal Board ("the Board") sustaining an opposition and refusing its application to register the mark NORTH 61. *Sjoklaedagerdin Hf. v. North 61 LLC*, No. 91237366, 2020 WL 1166478 (T.T.A.B. Feb. 11, 2020) ("*Decision*"). The Board refused North's application on the ground that its mark NORTH 61 would be confusingly similar to Sjoklaedagerdin Hf.'s ("Sjoklaedagerdin") mark 66°NORTH. For the reasons set forth below, we *affirm*.

BACKGROUND

Sjoklaedagerdin and North both sell apparel. Sjoklaedagerdin has owned the registered mark 66°NORTH (standard characters) for use in connection with the sale of apparel and retail-store services since 2016. J.A. 98–100 (Registration 5088873). In 2017, North filed an application to register the mark NORTH 61 (standard characters), also for use in connection with the sale of apparel and retail-store services. *Decision*, 2020 WL 1166478, at *1. (Application 87358942).[1] Subsequently, Sjoklaedagerdin filed an opposition to North's mark pursuant to 15 U.S.C. § 1052(d), asserting that it would create a likelihood of confusion with Sjoklaedagerdin's mark 66°NORTH. The Board agreed that registration of North's

---

[1]    North sought registration of its mark for use in connection with "Bottoms; Hoodies; Shirts; Tank tops; Tops; T-shirts in International Class 25; and On-line retail gift shops; On-line retail store services featuring clothing, sporting goods, novelty items, key chains, mugs, posters and stickers; Retail gift shops; Retail store services featuring clothing, sporting goods, novelty items, key chains, mugs, posters and stickers in International Class 35." *Decision*, 2020 WL 1166478, at *1.

mark would create a likelihood of confusion and thus sustained the opposition.

The Board evaluated the likelihood of confusion between the two marks by referring to the factors set forth in *In re E. I. DuPont DeNemours & Co.*, 476 F.2d 1357, 1361 (C.C.P.A. 1973) ("the *DuPont* factors"). The Board first found that the parties' similar goods, services, channels of trade, and classes of consumers pointed to a likelihood of confusion. *Decision*, 2020 WL 1166478, at *5. Next, the Board determined that Sjoklaedagerdin's mark 66°NORTH is not conceptually or commercially weak. *Id.* at *10. Additionally, the Board determined that the marks are similar because "each combines the word NORTH with a two digit number in the sixties." *Id.* at *6. Lastly, the Board found the following *DuPont* factor to be neutral: length of time during and conditions under which there has been concurrent use without evidence of actual confusion. *Id.* at *11.

The Board weighed the relevant *DuPont* factors and concluded that North's mark NORTH 61 is confusingly similar to Sjoklaedagerdin's mark 66°NORTH. *Id.* It accordingly sustained the opposition and refused North's application to register its mark. North appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

Under § 2(d) of the Lanham Act, a mark may be refused registration on the principal register if it is "likely, when used on or in connection with the goods of the applicant, to cause confusion" with another registered mark. 15 U.S.C. § 1052(d). Likelihood of confusion is a legal determination based on underlying findings of fact relating to the *DuPont* factors. *DuPont*, 476 F.2d at 1361. We review the Board's factual findings on each relevant *DuPont* factor for substantial evidence, but we review the Board's weighing of the *DuPont* factors de novo. *Stone Lion Capital Partners, L.P. v. Lion Capital LLP*, 746 F.3d 1317, 1321

(Fed. Cir. 2014).  A finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the conclusion.  *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

On appeal, North primarily challenges the Board's analysis with respect to *DuPont* factor one, the similarity of the marks, and *DuPont* factor six, the number and nature of similar marks in use on similar goods.  We address each argument in turn.

## I. *DuPont Factor One*

We turn first to North's argument regarding *DuPont* factor one.  *DuPont* factor one concerns the "similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression."  *DuPont*, 476 F.2d at 1361.  North first asserts that the Board failed to compare the marks as a whole when conducting its similarity analysis.  Specifically, North contends that the Board failed to properly consider the degree symbol in Sjoklaedagerdin's mark 66°NORTH.  According to North, "[w]hile the degree symbol is only one character" it renders 66°NORTH substantially different in "appearance, sound, meaning, and connotation" from the mark NORTH 61.  Appellant Br. at 19.

We disagree with North's assertion that the Board failed to analyze the marks in their entireties.  It is not improper for the Board to determine that, "for rational reasons," it should give "more or less weight . . . to a particular feature of the mark" provided that its "ultimate conclusion" regarding the similarity of the marks "rests on consideration of the marks in their entireties."  *Packard Press, Inc. v. Hewlett-Packard Co.*, 227 F.3d 1352, 1357 (Fed. Cir. 2000) (citing *In re Nat'l Data Corp.*, 753 F.2d 1056, 1058 (Fed. Cir. 1985)).  Here, the Board acknowledged that Sjoklaedagerdin's mark 66°NORTH "includes the symbol °, which is verbalized as the word 'degree.'"  *Decision*, 2020 WL 1166478, at *6.  However, it determined that it should

accord less weight to the degree symbol because it is "so small and appears in the middle of the mark." *Id.* Although the Board thus accorded less weight to the degree symbol, it still compared the marks in their entireties. It specifically found that the "marks look and sound similar because each combines the word NORTH with a two digit number in the sixties" and that "[t]o the extent the degree symbol in [Sjoklaedagerdin's] mark" creates any differences "the other similarities between the marks outweigh the differences." *Id.* at *6, *8.

North next asserts that when conducting its similarity analysis, the Board ignored evidence that the parties' marks convey distinct commercial impressions. Specifically, North argues that its mark NORTH 61 connotes Minnesota Highway 61, "a scenic, northbound highway" that "runs through Minnesota." Appellant Br. at 3. In contrast, North contends that Sjoklaedagerdin's mark 66°NORTH connotes Icelandic imagery because "66°" "derives its name from the latitudinal line of the Arctic Circle which touches Súgandafjörður," the "town in Iceland where [Sjoklaedagerdin] was formed." *Id.* at 9–10. As support for its argument, North points to the advertising context in which the parties' marks are displayed, which, according to North, reflects the commercial impressions that the marks convey to consumers. For example, North cites evidence that it uses its mark in connection with advertisements that "refer[] to Minnesota Highway 61." Appellant Br. at 33. North contrasts this evidence with Sjoklaedagerdin's marketing materials, which display the 66°NORTH mark in association with Icelandic imagery.

We disagree with North. The Board expressly addressed North's argument regarding the marks' commercial impressions but found it unpersuasive because "other than the testimony of [North's] own witnesses, [North] submitted no evidence to demonstrate that consumers understand either mark in the manner [North] posits." *Decision*, 2020 WL 1166478, at *8. It was reasonable for the Board

to find in this case that North's self-serving testimony and marketing materials were insufficient to demonstrate that consumers actually perceive that 66ºNORTH "connotes [a] geographic location in Iceland" and that NORTH 61 connotes Minnesota Highway 61. *Id.* As the Board recognized, North's "intended interpretation of the mark is not necessarily the same as the consumer's perception of it." *Id.* (quoting *In re Yale Sportswear Corp.*, No. 78653373, 2008 WL 2675684, at *4 (T.T.A.B. July 3, 2008)). Accordingly, substantial evidence supports the Board's determination that the marks 66°NORTH and NORTH 61, when viewed in their entireties, are similar in sound, appearance, meaning, and commercial impression.

## II. *DuPont Factor Six*

We turn next to North's argument regarding *DuPont* factor six. *DuPont* factor six concerns the number and nature of similar marks in use on similar goods. *DuPont*, 476 F.2d at 1361. "[T]hird party registrations are relevant to prove that some segment of the composite marks which both contesting parties use has a normally understood and well-recognized descriptive or suggestive meaning, leading to the conclusion that that segment is relatively weak." *Juice Generation, Inc. v. GS Enters. LLC*, 794 F.3d 1334, 1339 (Fed. Cir. 2015) (quoting 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 11.90 (4th ed. 2015)). North contends that the Board improperly disregarded evidence of third-party registrations of marks that are similar to Sjoklaedagerdin's mark 66ºNORTH. According to North, this evidence demonstrate that Sjoklaedagerdin's mark is "weak because it is one of so many similar marks" registered for apparel. Appellant Br. at 40.

We disagree. The *DuPont* factor six analysis concerns an examination of the number of *similar* third-party marks. Here, the Board considered North's evidence but determined that it was of limited value because "[n]one of the third-party registrations include 66° or 66 DEGREES

and the word NORTH as elements" and "many of the marks listed contain substantial additional matter" which "reduce[s] their probative value." *Decision*, 2020 WL 1166478, at *9–10. It was logical for the Board to afford less weight to North's evidence given its findings that the marks were dissimilar to Sjoklaedagerdin's mark. Accordingly, the Board's determination with respect to *DuPont* factor six is supported by substantial evidence.

Because the Board did not err in its conclusion that registration of North's mark would create a likelihood of confusion and because its evaluation of the relevant *DuPont* factors is supported by substantial evidence, we affirm.

## CONCLUSION

We have considered North's remaining arguments and find them unpersuasive. For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**